

**LIAKAS LAW**

Adam Strychaluk
astrychaluk@liakaslaw.com
P: (212) 937-7765
F: (877) 380-9432

March

An in-person conference to address the parties' discovery dispute (Doc. 24) has been scheduled for March 31, 2026 at 11:00 a.m. to be held in Courtroom 520 of the White Plains courthouse.

The Clerk of Court is respectfully requested to terminate the letter-motion pending at Doc. 24.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
        March 16, 2026

**By ECF**

Hon. Phillip M. Halpern
United States District Judge
Southern District of New York

Re:    *Moore v. Fitzpatrick* et al., No. 25 Civ. 7504 (PMH)
       Body-Worn Camera Attorneys Eyes Only Designation

Your Honor:

Please recall that my firm represents Plaintiff Ernastiaze Moore, who brings § 1983 claims against DOCCS correction officers relating to two beatings and sexual assaults he suffered while incarcerated at Sullivan Correctional Facility. I write under Rule 4(D) of Your Honor's Individual Rules to request a pre-motion conference to discuss declassifying a body-worn camera ("BWC") video that Defendants have designated as Attorneys' Eyes Only ("AEO") notwithstanding that the video qualifies as neither "confidential" nor AEO under the parties' recently negotiated confidentiality agreement. Dkt. 20. The parties conferred regarding AEO designations twice before submitting that stipulation for the Court's approval, and they have conferred two additional times regarding the video since Defendants designated it as AEO on February 12.[1] The parties have proved unable to reach agreement and this dispute is ripe for review.

Defendants have argued that the BWC footage—a 23-minute video that captures one of the two sets of assaults that Mr. Moore suffered, Ex. 1[2]—warrants an AEO designation for two reasons. First, that it implicates DOCCS's security and operational concerns because the footage depicts the "physical structure" and "interior layout" of Sullivan Correctional; and second, that it implicates the privacy interests of third-party DOCCS employees because the footage occasionally shows non-party staff performing unrelated duties in short increments. Ex. 2 at 3 (privilege log); Ex. 3 at 3, 6 (emails memorializing February 17 and March 4 meet-and-confers). While the parties have conferred on this topic four times, Defendants have not articulated their security or privacy concerns with any specificity greater than that just described, despite Plaintiff's repeated requests that they do so. The parties agree that the video does not meaningfully depict any third-party prisoners whose privacy interests might be implicated, and further agree that Sullivan closed in 2024. Dkt. 14 (Answer) ¶ 24.

---

[1] Th parties conferred on January 20 and February 6 for approximately 30 minutes; on February 17 for approximately 45 minutes; and on March 4 for approximately one hour. All conferrals were attended by undersigned and counsel for Defendants, Elizabeth Barbanes of the Office of the Attorney General ("OAG"). The parties also discussed AEO designations and the BWC video during their Rule 26(f) conference on January 8.

[2] Plaintiff has concurrently mailed and emailed the BWC video to chambers, as well as the handheld video discussed below and labelled Exhibit 4. At Defendants' request, the BWC video is filed here under preliminary seal. Defendants have indicated that they will file a motion to seal on the Court's instruction.

The BWC video does not qualify for protection under any of the four categories of confidential material enumerated in the stipulated confidentiality agreement, Dkt. 20 ¶ 2(a)-(d), nor does it qualify for protection under either of the two categories of materials that the agreement designates "highly confidential"/AEO, *id.* ¶¶ 26-27. Accordingly, Defendants bear the burden to show good cause exists for either designation here. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004); *see Austin v. Fordham Univ.*, No. 23 Civ. 4696 (GS), 2024 WL 749636, at *3 (S.D.N.Y. Feb. 23, 2024) (requiring "clearly defined, specific and serious injury"). Because AEO designations so severely impact adversaries, the attorney-client relationship, and courts, they constitute "the most restrictive (and thus least often justified) tier of discovery." *Nanjing CIC Int'l Co. v. Schwartz*, No. 20 Civ. 7031 (EAW), 2023 WL 6958787, at *5 (W.D.N.Y. Oct. 20, 2023).

Defendants have not and cannot carry their burden to show that declassifying the BWC video would occasion any "specific and serious injury" that may justify confidentiality, let alone an AEO designation that would preclude undersigned from showing Mr. Moore and deponents ***the*** key piece evidence in this case. Defendants cannot "clearly define" their security concerns for good reason: Sullivan is no longer an operating correctional facility, and—even if the facility were not closed—the BWC footage does not depict staff discussing sensitive information in confidence, entering a password, or performing any other action that might conceivably warrant protection. Ex. 1. Defendants' privacy justification is likewise without merit. Government employees do not have any cognizable right or privacy interest implicated by video footage depicting them performing routine duties. *Cf.* P.B.O. §§ 89(2)(b) & 90(1)(c) (precluding disclosure, under FOIL, only of employee records that are "unwarranted invasion[s] of personal privacy"); Dkt. 20 ¶ 2(d) (confidentiality for "information of a personal and intimate nature").

Simply, no specific time-ranges in the video warrant AEO protection—and Defendants have not proved amenable to producing a redacted copy of the BWC video that undersigned may show Mr. Moore for precisely that reason. But the Court does not have to take Plaintiff's word for it. Your Honor may take DOCCS's.[3] Before commencing this action, Plaintiff obtained, through a freedom of information request, a 24-minute handheld "extraction" video that depicts the *exact same* course of events captured in the BWC video, which Plaintiff has produced in this litigation. Ex. 4. Like the BWC video, that handheld video—which is not confidential—depicts Defendants extracting Mr. Moore from his cell, transporting Mr. Moore to a "frisk room," and assaulting Mr. Moore in that room. Like the BWC video, it depicts the "physical structure" and "interior layout" of Sullivan. Like the BWC video, it depicts third-party employees performing routine duties.

The only meaningful distinction between the handheld video that DOCCS produced in response to a FOIL request and the BWC video it seeks to designate as AEO here is that the latter captures the same assaults of Mr. Moore more clearly. And the only distinction between this case and the myriad instances in which DOCCS has produced comparable videos in response to mere FOIL requests is that Mr. Moore's beating has received significant media and political attention. *See* J. Root, *A Bloody Prison Beating Was Caught on Video. No Guards Were Punished*, NEW YORK TIMES (Nov. 3, 2025); J. Ransom, *Lawmaker Demands Accountability in Bloody Prison Beating Caught on Video*, NEW YORK TIMES (Nov. 5, 2025). In fact, DOCCS has actually acknowledged that it erred in neglecting to produce the very BWC video it seeks to designate as AEO here when it responded to the same two-year-old FOIL request through which Plaintiff received the handheld video—an error it has so far refused to correct. *See* Ex. 5 at 2, 10, 12 (FOILs).

The BWC video warrants neither confidentiality nor an AEO designation. The Court should declassify the video and deny Defendants' related motion to seal.

---

[3] As a general rule, "DOCCS and its correctional officers are essentially inseparable when defending against constitutional claims." *Wandering Dago Inc. v. New York State Office of Gen. Servs.*, No. 13 Civ. 1053 (MAD), 2015 WL 3453321, at *10, n.9 (N.D.N.Y. May 29, 2015). That general rule holds here: During the March 4 conferral, Defendants' counsel explained it was DOCCS that requested the designation at issue.

*Defendants' Position*

Defendants seek to maintain an AEO designation of the Body-Worn Camera video and any other video that is made part of discovery in this case.

## I. Plaintiff Mischaracterizes DOCCS's FOIL Acknowledgment

Plaintiff's letter asserts that "DOCCS has actually acknowledged that it erred in neglecting to produce the very BWC video" through the pending FOIL request, and implies this acknowledgment is tantamount to a concession that the footage warrants no protection. That characterization is incorrect and misleading.

DOCCS's communication with Plaintiff's counsel regarding the FOIL request stated only that it would review the BWC footage to determine whether it could be released under FOIL's applicable exemptions, not that it had concluded the video should have been, or will be, released. FOIL review is a separate administrative process governed by Public Officers Law Article 6, with its own exemptions, and a determination under that framework neither controls nor informs the appropriate scope of discovery protections under the Federal Rules of Civil Procedure and the parties' stipulated confidentiality agreement.

Critically, defense counsel was not copied on Plaintiff's communications with the DOCCS FOIL office regarding this video. No inference should be drawn from the FOIL office's preliminary administrative review as having any bearing on the merits of defendants' arguments here.

## II. FOIL Release Standards Do Not Govern AEO Designations in Federal Litigation

Even if DOCCS's FOIL office were ultimately to produce the BWC video in response to a FOIL request, which has not occurred, that determination would have no bearing on whether AEO protection is warranted here. FOIL and federal civil discovery operate under entirely different legal frameworks. FOIL's exemptions are narrower and serve different public-access purposes than the "good cause" standard governing protective orders under Fed. R. Civ. P. 26(c). That DOCCS produced a different video (the handheld video) in response to a FOIL request does not establish that the BWC footage, which Plaintiff concedes captures the alleged assaults more clearly, must be treated identically for purposes of civil discovery designations.

## III. Defendants' Security and Privacy Concerns Remain Valid

Defendants maintain the BWC footage implicates legitimate concerns that justify the AEO designation. While Sullivan Correctional Facility has closed, the footage depicts operational and structural elements, staff conduct and positioning, and law enforcement procedures that retain security relevance, including with respect to other operating DOCCS facilities that employ similar protocols. The closure of Sullivan does not extinguish these interests.

Specifically, the portion of the BWC footage that Plaintiff seeks to produce in this litigation depicting Plaintiff's transport route is security sensitive because it reveals the configuration of corridors, doorways, security checkpoints, as well as escort procedures and staff positioning during transport.   A segment where the officer is positioned at a doorway, then turns to show additional rooms and staff is security-sensitive because it reveals layouts and relationships between secured areas, staffing presence and deployment, entry points, and sight lines, including areas unrelated to Plaintiff's claims.  The BWC depicts the locking mechanisms of the doors and the direction and manner in which way the doors operate. Given that the layout of Sullivan and its locking

3

mechanisms are the same as at other facilities, this information, if disclosed, can be used by an incarcerated individual to facilitate a hostile takeover or a hostage taking. The disclosure of information relating to practices throughout DOCCS facilities can compromise safety and security at other DOCCS' institutions. DOCCS' staff work in an environment where they may be subject to threats, harassment, and retaliation. Dissemination of video depicting officers' faces, voices, and conduct creates a substantial risk to the staff.

For all these reasons, Defendants seek to designate disclosed video footage of the incident under an Attorneys' Eyes Only Designation. *Virgil v. Finn*, 22-civ-3169 (CS)(JCM) 2025 WL 694450 5 (S.D.N.Y. March 3, 2025); *U.S. Amodeo,* 71 F.3d 1044, 1050 (1995).

***

We appreciate the Court's time and attention to this matter.

Respectfully submitted,

s/

Adam Strychaluk

Encl.   Ex. 1 – BWC video (under separate cover and preliminary seal)
Ex. 2 – Defendants' privilege log
Ex. 3 – Email correspondence following February 17 and March 4 conferrals
Ex. 4 – Handheld video (under separate cover)
Ex. 5 – Correspondence regarding relevant FOIL requests