Adam Strychaluk
astrychaluk@liakaslaw.com
P: (212) 937-7765
F: (877) 380-9432                                                                                                          10005

LIAK

> Application for a discovery dispute conference granted. A conference has been scheduled for June 29, 2026 at 12:30 p.m. to be held in courtroom 520 of the White Plains courthouse.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>             June 18, 2026

**_By ECF_**

Hon. Phillip M. Halpern
United States District Judge
Southern District of New York

> Re:     *Moore v. Fitzpatrick* et al., No. 25 Civ. 7504 (PMH)
>            Discovery relating to certain defendants' ability to pay judgment

Your Honor:

Please recall that my firm represents Plaintiff Ernastiaze Moore, who brings § 1983 claims against DOCCS correction officers relating to two beatings and sexual assaults he suffered while incarcerated at Sullivan Correctional Facility. I write under Rule 4(D) of the Court's Individual Rules to request the Court's assistance in resolving a dispute relating to Plaintiff's first set of discovery requests. The parties have conferred regarding the relevant discovery demands multiple times and reached an impasse at the most recent of these conferrals on June 15, 2026.

Plaintiff has served two discovery requests and seven interrogatories on six of the eleven defendants in this action targeting financial information relating to these defendants' ability to pay any judgment.[1] Defendants have argued, in essence, that such information should not be disclosed because they expect to be indemnified by the State of New York and that they will not disclose this information absent a court order. Because Defendants cannot say conclusively that the State will indemnify them; the State has not stipulated that it will; and, under controlling law, the State will likely not be required to indemnify the Defendants (even if it later choses to do so), the Court should overrule Defendants' objection.

Under Section 17 of the Public Officers Law, the State's duty to indemnify employees in certain circumstances attaches only when "the act or omission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment or duties," and—even if the relevant act or omission was committed in the scope of  the employee's employment—the State has no duty to indemnify "where the injury or damage resulted from intentional wrongdoing on the part of the employee." P.B.O. § 17(3)(a).[2]

---

[1] *See* Ex. 1 at Requests 45-46 & Interrogatories 1-7. Defendants have not produced any indemnification agreements in response to Plaintiff's 44th request.

[2] The entirety of P.B.O. § 17(3)(a) reads:

> The state shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim, or shall pay such judgment or settlement; provided, that the act or omission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment or duties; the duty to indemnify and save

Here, Plaintiff alleges that Defendants battered and sexually assaulted him and conspired to cover up these assaults. Compl. ¶¶ 1-5. These alleged acts—and in particular the acts of the six Defendants from whom Plaintiff has sought financial information, the principal perpetrators of these assaults, *see id.* ¶ 26—may well fall outside the scope of Defendants' "public employment or duties," and jurors could reasonably find that Defendants' acts constitute "intentional wrongdoing" if they find the facts as Plaintiff has alleged them. The New York Court of Appeals' decision in *Rivera v. State,* 34 N.Y.3d 383 (2019) is instructive. There, the Court of Appeals held that the defendant correction officers' use of force represented "a significant departure from the normal methods of performance of the duties of a correction officer" and accordingly fell outside their scope of employment, notwithstanding that correction officers are empowered to use force on the job as a general matter. *Id.* at 391; *see also Brown v. Annucci*, No. 19 Civ. 9048 (VB), 2021 WL 860189, at \*11 (S.D.N.Y. Mar. 8, 2021) ("Manipulating or destroying evidence are not core functions performed in the normal course of a correction officer's duties.").

In short, *Rivera* and *Brown* teach that the State's duty to indemnify correction officers is limited and that events similar to those in this case may not trigger that duty. Consequently, until the State decides, conclusively, that it will indemnify all the defendants for all damages, including punitive damages, Plaintiff must be allowed to obtain discovery concerning the defendants' finances, both through document requests and deposition questions.[3] Nor does it make sense to bifurcate discovery here, as Defendants suggest below. Doing so would needlessly delay this litigation with two separate rounds of discovery demands, depositions, and motion practice, and force counsel and the Court to revisit the same witnesses twice, compounding cost and burden without any corresponding benefit. Accordingly, Plaintiff asks the Court to overrule Defendants' objections to producing discovery concerning the Defendants' ability to pay any judgment and punitive damages award.

### *Defendants' Position*

Defendants respectfully oppose Plaintiff's motion to compel financial discovery as premature and disproportionate to the needs of this case at this stage. *See* Fed. R. Civ. P. 26(b)(1). Discovery has not been completed and no dispositive motions have been filed, and the defendants who may ultimately be found liable, if any, have not yet been determined. The State of NY is obligated to defend Defendants in this action pursuant to Public Officers Law § 17, and it is the State's longstanding practice to indemnify corrections officers for compensatory damages arising from acts taken in the course of their employment. While the State will not categorically affirm that it will cover punitive damages, the determination is premature at this point in the litigation where there has liability has not been established and before any award of damages has been entered. Compelling financial discovery now would impose unnecessary burden and intrusion on individual defendants who may never be required to satisfy a judgment from personal funds.

Financial discovery into individual defendants' personal income, bank accounts, real property; and retirement assets is highly intrusive and implicates significant privacy interests. Where indemnification is the expected outcome and liability has been established, such discovery is disproportionate under Rule 26(b)(1) and should not be compelled at this stage.

---

harmless or pay prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing on the part of the employee.

[3] It should be noted that the State is not a party to this action and is not represented by Defendants' counsel; any representation regarding indemnification must come from someone with appropriate authority to bind the State.

Plaintiff's reliance on *Rivera v. State*, 24 N.Y.3d 383 (2019), is misplaced. *Rivera* arose in the context of a negligence claim against the State under the Court of Claims Act, not a Section 1983 action against individual Section 1983 action against individual officers, and its scope of employment analysis turned on facts specific to that record. Plaintiff's conjecture that the alleged conduct here will similarly fall outside the scope of Defendants' employment does not establish that indemnification is unavailable; it is speculative, contested, and premature to resolve on a motion to compel. Similarly, *Brown v. Annucci*, No. 19-cv-9048 (VB), 2023 WL 860189 (S.D.N.Y. Mar. 8, 2021) addressed evidence destruction and is not controlling here.

Courts in this District and elsewhere consistently defer financial discovery in Section 1983 cases where a punitive damages claim has not yet survived scrutiny and no liability has been established. In *Pasternak v. Dow Kim,* 275 F.R.D. 461 (S.D.N.Y. 2011), the court held that financial disclosure relevant to punitive damages was not warranted at the discovery phase where the defendant intended to move for summary judgment on the punitive damages claim, the information sought was highly sensitive and confidential, and production would be premature given that a dispositive motion could eliminate the need for such disclosure entirely. That reasoning should apply here. *See also Trudeau v. N.Y. State Consumer Prot. Bd.,* 237 F.R.D. 325, 331 (N.D.N.Y. 2006) (financial information is presumptively confidential and subject to a heightened standard before compelled disclosure. Plaintiff has made no showing of compelling need sufficient to overcome that presumption at this stage.

Plaintiff further seeks the disclosure of all assets transferred to third parties since September 10, 2025. Defendants object as it presupposes a judgment that has not been entered and appears designed to investigate potential fraudulent transfer concerns not cognizable at this stage of litigation. Plaintiff provides no authority to support compelling this category of discovery prior to any finding of liability.

For these reasons, Defendants respectfully request the Court deny Plaintiff's motion to compel financial discovery.

***

We appreciate the Court's time and attention to this matter.

Respectfully submitted,

s/

Adam Strychaluk

Encl.   Ex. 1 – Defendants' Updated Discovery Responses

3